UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE ESTATE OF CARLOS BONILLA, AND JOANNA BONILLA, AS ADMINISTRATOR OF THE ESTATE OF CARLOS BONILLA,<br><br>      Plaintiffs,<br><br>v.<br><br>COUNTY OF HUDSON, NEW JERSEY; HUDSON COUNTY CORRECTIONAL CENTER; CFG HEALTH SYSTEMS, LLC; EVELYN BERNARDO; CLAUDETTE BLAKE; TAMMY COOPER; DAISY DORONILA; PAUL ITTOOP; JANE LOWE; TERESA O'BRIEN; MYRIAM STERLIN; ERIC TAYLOR; AND JOHN/JANE DOE HEALTHCARE PROVIDERS 1-5,<br><br>      Defendants. | Civil Action No. 2:19-CV-13137<br><br>**JOINT DISCOVERY PLAN** |

**1. Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.**

  This is a lawsuit brought by the estate of Carlos Bonilla (the "Estate"), and Joanna Bonilla, as Administrator of the Estate. Mr. Bonilla died while in immigration detention at Hudson County Correction Center, a facility owned and operated by Hudson County, New Jersey. Plaintiffs contend that Mr. Bonilla died due to inadequate medical care. At all times relevant to this action, Defendant Claudette Blake was the Health Service Administrator of Hudson County Correctional Center, Defendant Eric Taylor was the Director, Defendant Myriam Sterlin was the Medical Director, and Defendant Jane Lowe was the Nursing Director. Defendants Tammy Cooper, Evelyn Bernardo, Daisy

Doronila, Paul Ittoop, Teresa O'Brien, and John/Jane Doe Health Care Providers were medical professionals who worked at Hudson County Correctional Center. Defendant CFG Health Systems LLC is a private healthcare company that provided medical care for people held at Hudson County Correctional Center. Plaintiffs brought claims pursuant to the following statutes:

- 42 U.S.C. § 1983 for violations of the 5th and 14th Amendments to the United States Constitution for inadequate medical care and inadequate supervision and training of medical staff;

- New Jersey Civil Rights Act, N.J.C.R.A. § 10:6-1 *et seq.* for inadequate medical care and inadequate supervision and training of medical staff;

- N.J.S.A. § 2A:31-1 *et seq.* for wrongful death; and

- N.J.S.A. § 2A:15-3 *et seq.* for other claims under the Survival statute.

Defendants CFG Health Systems, LLC, Nurse Claudette Blake, APN Tammy Cooper, Dr. Paul Ittoop, Nurse Jane Lowe and Dr. Myriam Sterlin ("CFGHS Defendants") have answered Plaintiff's Complaint and deny all allegations. The CFGHS Defendants have demanded an Affidavit of Merit with respect to any and all claims of medical malpractice/professional negligence. Plaintiffs have obtained and served the Affidavit of Merit of Alyson Fox, MD.

Defendants County of Hudson i/p/a Hudson County Correctional Center, Evelyn Bernardo, Daisy Doronila, Teresa O'Brien, and Eric Taylor ("County of Hudson Defendants") have answered Plaintiff's Complaint and deny all allegations. The County of Hudson Defendants have also demanded an Affidavit of Merit with respect to any and all claims of medical malpractice/professional negligence.

2. **Have settlement discussions taken place?**

   There have been limited settlement discussions. Plaintiffs provided a Statement of Amount of Damages Claimed on August 6, 2019.

   **If so, when?**

   Settlement was discussed at the Rule 26 conference, which took place on October 7, 2019.

   a. **What was the plaintiffs' last demand?**

      i. **Monetary demand:** Plaintiffs have demanded $8 million in compensatory damages. They also seek punitive damages. Finally, Plaintiffs seek attorneys' fees and other costs, which are accruing.

      ii. **Non-monetary demand:** To date, Plaintiffs have not made a non-monetary settlement demand.

   b. **What was defendants' last offer?**

      i. **Monetary offer: $0**

      ii. **Non-monetary offer: Nothing**

   The CFGHS Defendants believe that discovery is necessary before further settlement discussions take place.

3. **The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1).**

   Initial disclosures shall be exchanged by November 15, 2019. Defendants CFG Health Systems, LLC, Blake, Cooper, Ittoop, Lowe, and Sterlin have requested from Plaintiff Joanna Bonilla an executed HIPAA Compliant Authorization for Medical Records and Letters of Administration.

**4.   Describe any discovery conducted other than the above disclosures.**

On July 10, 2019, Plaintiffs received from Defendants CFG Health Systems, LLC, Blake, Cooper, Ittoop, Lowe, and Sterlin the following discovery: Interrogatories, Notice to Produce Documents, and "Special Interrogatories." Those defendants also served a Request for Statement of Amount of Damages, which has since been provided.

**5.   Generally, dispositive motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.**

Plaintiffs may file a Motion to File an Amended Complaint. Should the parties be unable to negotiate the terms of Protective and/or Document Preservation Orders, Plaintiffs may seek recourse from the Court. Should the parties, after meeting and conferring, reach an impasse on discovery issues, Plaintiffs may file a Motion to Compel or a Motion for a Protective Order.

**6.   The parties propose the following:**

   **a. Discovery is needed on the following subjects:**

   i. Plaintiffs:

   1. Medical care provided to Mr. Bonilla from April 1, 2017, to June 10, 2017.

   2. The conditions of Mr. Bonilla's detention at Hudson County Correctional Center.

   3. The medical care provided to those housed at Hudson County Correctional Center for ten years prior to June 10, 2017.

   4. The medical care provided by CFG at correctional, detention, and institutional facilities for ten years prior to June 10, 2017.

4

   5. The role of each Defendant in the provision of medical care at Hudson County Correctional Center from hire-date to present and the relationships between each of the Defendants, plus others employed at Hudson County Correctional Center, vis-à-vis the provision of medical care.

   6. The training and supervision of medical staff at Hudson County Correctional Center for ten years prior to June 10, 2017.

   7. Mr. Bonilla's intake to Hudson County Correctional Center and transfer from Hudson County Correctional Center to New Jersey Medical Center.

   8. The relationship between U.S. Immigration and Customs Enforcement (ICE) and Hudson County Correctional Center, including the role of ICE employees at Hudson County Correctional Center for ten years prior to June 10, 2017.

ii. CFGHS Defendants:

   1. Factual and Expert discovery are required into all of Plaintiffs' claims;

   2. Decedent's medical and mental health history;

   3. Claims of deliberate indifference and violation of civil rights of decedent;

   4. Wrongful Death, Survivorship claims and claims for punitive damages; and,

   5. Crossclaims for defense and indemnification.

The CFGHS Defendants reserve the right to object to breadth and burdensome nature of the discovery summarized by Plaintiffs above.

    iii. County of Hudson Defendants: As to Plaintiff, Defendants County of Hudson, Eric Taylor, Evelyn Bernardo, Daisy Doronila, and Teresa O'Brien request information, documents, records, and executed HIPAA authorizations relating to Mr. Bonilla's medical history and treatment for the past ten (10) years; history of incarceration and/or detention; nature of financial support provided by Mr. Bonilla to any individuals prior to his death; and the validity of any claim for conscious pain and suffering. From Defendant CFG Health Systems, LLC, Defendants County of Hudson, Eric Taylor, Evelyn Bernardo, Daisy Doronila, and Teresa O'Brien demand defense and indemnification both contractually and in common law, and therefore, request all contracts and documents in CFG's possession relating to the contract for services with the County of Hudson.

b. **Should discovery be conducted in phases?** Written discovery shall generally precede depositions. Initial written discovery requests shall be served by November 8, 2019, and responses shall be due within 45 days of service, subject to the parties agreeing to extend the deadline.

c. **Number of Interrogatories by each party to each other party:**

  i. Plaintiff expects to serve no more than 20 interrogatories on each Defendant.

  ii. The CFGHS Defendants have already served interrogatories on Plaintiff and do not anticipate serving any additional.

      iii. Defendants County of Hudson, Eric Taylor, Evelyn Bernardo, Daisy Doronila, and Teresa O'Brien do expect to serve no more than forty (40) interrogatories on Defendant CFG. As to Plaintiff, these defendants will rely on the discovery demands previously served by Defendant CFG.

d. **Number of Depositions to be taken by each party:**

      i. The parties are currently unable to determine the exact number of depositions that will be required in this action. Plaintiffs will seek to depose each of the Defendants. Given the number of parties and claims, and the complexity of this case, Plaintiffs anticipate the need to take in excess of fifteen additional depositions. Once initial discovery responses have been exchanged, the parties hope to come to agreement on the number of depositions by each party and propose to further advise the Court by letter regarding this matter by January 15, 2020.

e. **Plaintiffs' Expert Report(s) due on** July 31, 2020.

f. **Defendants' Expert Report(s) due on** September 30, 2020.

g. **Motion to Amend or to Add Parties to be filed by** November 15, 2019.

h. **Dispositive motions to be served by** January 15, 2021.

i. **Factual Discovery to be completed by** July 1, 2020.

j. **Expert discovery to be completed by** November 15, 2020.

k. **Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:**

      i. The parties are negotiating a Protective Order and Preservation Order for submission to the Court by November 1, 2019. Should an impasse be

> reached regarding the terms of these documents, the Court shall be promptly notified by letter brief.
>
> l.  **A pretrial conference may take place** at the Court's discretion.
>
> m. **Trial by jury or non-jury trial?** Trial by jury.
>
> n. **Trial date:** At the Court's discretion.

7. **Do you anticipate any discovery problem(s)? If so, explain.**

    No discovery problems are anticipated at this time.

8. **Do you anticipate any special discovery needs (i.e. videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? If so, explain.**

    Some fact and expert witnesses may need to be deposed by videotape or telephone because they are out of state. Some witnesses may require translators.

9. **State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).**

    This case is not appropriate for voluntary arbitration as Plaintiffs have alleged violation of rights secured by the Constitution of the United States and seek damages in excess of $150,000. A special master is also not warranted because the scope of the case does not meet the standards set forth in Federal Rule of Civil Procedure 52 and the parties do not consent. The parties have discussed mediation and although it is believed that it would not be productive at this juncture, they agree to continue to consider it going forward as a method to facilitate settlement. The parties agree to inform the Court at the close of discovery whether mediation might be productive at that time.

10. **Is this case appropriate for bifurcation?**

    No.

**11.**  The parties **do not** consent to the trial being conducted by a Magistrate Judge.

/s/ Michelle H. Yeary
Michelle H. Yeary, Esq.
DECHERT LLP
502 Carnegie Center, Suite 104
Princeton, NJ 08540
Tel.: 609-955-3200
Fax: 609-955-3259
michelle.yeary@dechert.com

Marinda van Dalen, Esq. (admitted *Pro Hac Vice*)
NEW YORK LAWYERS FOR THE PUBLIC INTEREST
151 West 30th Street, 11th Floor
New York, NY 10001
Tel.: 212-453-5863
Fax: 212-244-4570
mvandalen@nylpi.org

*Counsel for Plaintiffs*

/s/ *Jeffrey S. McClain*
Jeffrey S. McClain, Esquire
HOLTZMAN & MCCLAIN, PC
524 Maple Avenue, Suite 200
Linwood, NJ 08221
Tel: 609-601-0900
jsmcclainesq@aol.com

*Counsel for the CFGHS Defendants*

/s/ Thomas A. Morrone
Thomas A. Morrone. Esq.
CHASAN LAMPARELLO MALLON & CAPPUZZO, PC
300 Lighting Way, Suite 200
Secaucus, NJ 07094
Tel: 201-348-6000
tmorrone@chasanlaw.com

*Counsel for the County of Hudson Defendants*

9